IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CR. No. C-08-318-2 |
| | § | |
| GLORIA SANCHEZ | § | |

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

Pending before the Court is Gloria Sanchez' motion for sentence reduction pursuant to 18 U.S.C. § 3582 for post-sentence rehabilitation, received by the Clerk on May 11, 2011. D.E. 794. Sanchez claims that her extraordinary efforts towards rehabilitation while in prison allow this Court to reduce her sentence. She cites various cases and provisions of the Sentencing Guidelines in support of her position as well as § 3582. None of the authority she cites permits this Court to resentence her.

Sanchez was convicted after her guilty plea to conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I) and (h). Sanchez received a below Guideline Sentence that constituted a downward departure of over 36 months. Sanchez was also given a three point reduction in the calculation of her Guideline sentence based upon her acceptance of responsibility before sentencing.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.' 18 U.S.C. § 3582(c)." Freeman v. United States, —U.S. ---, 131 S. Ct. 2685, 2690 (2011); Dillon v. United States, — U.S. —, 130 S.Ct. 2683, 2687 (2010);

1

United States v. Garcia, 606 F.3d 209, 212 & n.5 (5th Cir. 2010) ("A § 3582(c)(2) proceeding is not a full resentencing . . ."); United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). A court may reduce a sentence in the following circumstances, 1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), 2) under Rule 35 of the Federal Rules of Criminal Procedure, and 3) when the sentencing range under which the defendant was sentenced has been subsequently lowered, and a modification of sentence is consistent with the guideline's policy statements. See 18 U.S.C. § 3582(c). Moreover, the sentencing at issue in these circumstances is not a plenary resentencing, but is circumscribed by the reduction authorized by the revision to the Sentencing Guidelines. Dillon, 130 S.Ct. at 2692.

This Court may also resentence a defendant if her sentence has been vacated on direct appeal or through a successful motion pursuant to 28 U.S.C. § 2255. Pepper v. United States, 131 S.Ct. 1229, 1241 (2011); see also United States v. Cardona, 2011 WL 1228784 at *3 (5th Cir., Apr. 4, 2011) (designated unpublished) (assuming but not deciding that a sentence vacated pursuant to § 2255 results in a plenary resentencing).

Although this Court commends Sanchez' efforts towards rehabilitation, this Court may not adjust her sentence. The motion (D.E.794) is therefore DENIED.

Ordered this _____ day of _____, 2011.


HAYDEN W. HEAD, JR.
SENIOR U.S. DISTRICT JUDGE

3